SMITH *v.* JEWETT.

Money found, after the death of a testatrix, in a secret drawer of a chest belonging to her, does not pass by a specific bequest of the chest, but is a portion of the residuum of the personal estate, for which the executor is bound to account.

If the executor permit his wife to appropriate such money to her own use, such appropriation becomes his own act, and makes him chargeable for the money upon his administration bond.

Assumpsit, for the money thus appropriated, cannot be maintained against the wife of the executor, after his death, by the residuary legatee of the estate.

Assumpsit, by the plaintiff, as guardian of Abigail C. Smith, an insane person, to recover the sum of $60 and interest, alleged to belong to the ward as residuary legatee of her sister, Sarah G. Smith, who died in 1847, and of

whose last will Aaron Jewett, formerly the husband of the defendant, and who died in 1852, was sole executor. By her will said Sarah G. Smith gave all her household furniture to her three sisters, of whom the plaintiff's ward and the defendant were two. The furniture was divided by the three sisters among themselves, in 1848, and in that division an old chest, which had belonged to their father, Theophilus Smith, who died more than twenty years before, and gave his household furniture to his wife, and the residue of his estate to five daughters, of whom the plaintiff's ward was one, but the defendant was not, fell to the share of the defendant. Soon after this chest came into the defendant's possession, she found sixty dollars in a purse in a secret drawer in it, and with the knowledge of her husband, the executor, gave one half thereof to the third sister of the deceased, and appropriated the other half to her own use. After the decease of her husband, the plaintiff demanded this money of the defendant, and subsequently brought this suit. Neither the defendant's husband, as executor of Sarah G. Smith, nor the defendant, as his executrix, ever accounted for the sixty dollars as part of her estate; nor had the plaintiff, as guardian, any knowledge, until after the decease of the defendant's husband and the settlement of his estate, that the defendant had received said sixty dollars.

Plea, the general issue, with a brief statement of the statute of limitations, and the coverture of the defendant. The writ was dated March 25, 1858.

*Shapley*, for the plaintiff.

*Stickney*, for the defendant.

FOWLER, J. It does not appear, from the agreed case, that the sixty dollars in controversy had ever been the property of Sarah G. Smith. For aught that appears,

the money may have belonged to Theophilus Smith or his wife, and may have been a part of the residuum of the estate of the plaintiff's ward's father or mother, to a share only of which could she be entitled in any event.

But the money was clearly personal property, distinct from and independent of the chest that contained it, and would not pass by a bequest of household furniture. Conceding it to have belonged to Sarah G. Smith, it was manifestly a part of the residue of her estate, not specifically devised or bequeathed, and belonged to the plaintiff's ward through the executor of the will of said Sarah. It was a part of her estate, for which the executor was bound to account, and for not accounting for which he would be liable, upon his administration bond, as for mal-administration. The title to this money, it not having been specifically bequeathed, did not, however, vest in the plaintiff as residuary legatee by force of the will of said Sarah, but in the executor. The property in the money vested in the executor upon the death of the testatrix, and not in the plaintiff's ward. When, upon its being found, the executor assented that the defendant, then his wife, should appropriate it as she pleased, that appropriation was his own act, and made him chargeable for the money as fully and completely as if he had put it into his own pocket.

Had the property in the money, at the time of its conversion by the defendant, been in the plaintiff's ward, and not in the executor, we think it quite clear that the present action of assumpsit could not have been maintained. The defendant was at that time a *feme covert*, and could make no binding promise. Had the money belonged to the plaintiff's ward, the defendant would have been guilty of a wrong in taking and appropriating it to her own use, for which, perhaps, both herself and her husband, in his life-time, might have been liable, and she might have been sued alone after his death, not in

assumpsit, but in trespass or trover. It is, however, unnecessary to consider what remedy the plaintiff's ward might have been entitled to under a state of circumstances that had no existence.

If the plaintiff can show that the purse of money belonged to the estate of Sarah G. Smith, it seems that he has a distinct and adequate remedy whereby to recover the same for his ward, if it shall not be forthcoming, by a suit upon the executor's bond; inasmuch as the executor's conversion of the money to his own use, through the agency of his wife, must amount to a *devastavit*. But the present action cannot be maintained, and there must, therefore, be judgment for the defendant as of nonsuit.

*Judgment for the defendant.*